# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERNEST GARCIA II, | § | |
| | § | |
| Defendant Below, | § | No. 362, 2022 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| ANTHONY FRANCHI, | § | C.A. No. 2020-0415 |
| CONSTRUCTION INDUSTRY | § | |
| AND LABORERS JOINT PENSION | § | |
| TRUST FOR SOUTHERN | § | |
| NEVADA, ST. PAUL | § | |
| ELECTRICAL CONSTRUCTION | § | |
| PENSION PLAN, ST. PAUL | § | |
| ELECTRICAL CONSTRUCTION | § | |
| WORKERS SUPPLEMENTAL | § | |
| PENSION PLAN (2014 | § | |
| RESTATEMENT), and | § | |
| RETIREMENT MEDICAL | § | |
| FUNDING PLAN FOR THE ST. | § | |
| PAUL ELECTRICAL WORKERS, | § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees, | § | |
| | § | |
| and | § | |
| | § | |
| CARVANA CO., | § | |
| | § | |
| Nominal Defendant Below, | § | |
| Appellee. | § | |

Submitted: October 5, 2022
Decided: October 19, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the notice and supplemental notice of interlocutory appeal and the exhibits attached thereto, it appears to the Court that:

(1)    On behalf of Nominal Defendant Below-Appellee Carvana Co., Plaintiffs Below-Appellees Anthony Franchi, Construction Industry and Laborers Joint Pension Trust for Southern Nevada, St. Paul Electrical Pension Plan, St. Paul Construction Workers Supplemental Pension Plan (2014 Restatement), and Retirement Medical Funding Plan for the St. Paul Electrical Workers filed a derivative action against Defendant Below-Appellee Ernest Garcia II ("Garcia Senior") and Defendant Below Ernest Garcia III ("Garcia Junior"). Garcia Senior was the owner of a majority of Carvana's voting stock. Garcia Junior was the CEO, President, and Chairman of Carvana. Plaintiffs alleged that the Garcias breached their fiduciary duties in connection with a $600 million sale of Carvana's common stock in 2020.

(2)    The Garcias and Carvana moved to dismiss for failure to plead demand futility and failure to state a claim. Garcia Senior also moved to dismiss for lack of personal jurisdiction. On June 30, 2022, the Court of Chancery denied Garcia Junior's and Carvana's motions.

2

(3) On August 31, 2022, the Court of Chancery denied Garcia Senior's motion to dismiss ("the Opinion").[1] The court held that Garcia Senior implicitly consented to the exercise of personal jurisdiction by Delaware courts when he caused Carvana to adopt, by written consent in 2017, an amended and restated certificate of incorporation that included a forum provision designating Delaware courts as the exclusive forum for certain disputes, including any action asserting a breach of fiduciary duty owed by a Carvana stockholder.[2] The court denied Garcia Senior's demand futility and failure to state a claim arguments for the same reasons set forth in its June 30, 2022 decision.[3]

(4) On September 12, 2022, Garcia Senior filed a timely application for certification of an interlocutory appeal on the personal jurisdiction issue. Plaintiffs opposed the application. On October 3, 2022, the Court of Chancery denied the application.[4]

(5) In denying certification, the court first concluded that the Opinion resolved a substantial issue for purposes of Supreme Court Rule 42.[5] The court next addressed the Rule 42(b)(iii) criteria Garcia Senior relied upon for certification.[6] As to Rule 42(b)(iii)(A) (question of law resolved for first time in Delaware), the Court

---

[1] *In re Carvana Co. S'holders Litig.*, 2022 WL 3923826 (Del. Ch. 31, 2022).
[2] *Id.* at *2-6.
[3] *Id.* at *7.
[4] *In re Carvana Co. S'holders Litig*, 2022 WL 4661841 (Del. Ch. Oct. 3, 2022).
[5] *Id.* at *1-2.
[6] *Id.* at *3.

3

of Chancery found that this factor weighed against certification because the Opinion applied settled law.[7] The court also rejected Garcia Senior's reliance on Rule 42(b)(iii)(B) (conflicting trial court decisions on the question of law), which rested upon his characterization of the Opinion as inconsistent with longstanding precedent that stock ownership in a Delaware company by itself is not enough to support a Delaware court's exercise of personal jurisdiction.[8] The court emphasized that it was Garcia Senior's use of his majority voting control to cause Carvana to adopt a Delaware forum selection provision requiring stockholders to bring the type of claims at issue in Delaware courts that made him subject to personal jurisdiction in Delaware, not just his status as a majority stockholder.[9] The court recognized that Rule 42(B)(iii)(D) (the interlocutory order sustained the controverted jurisdiction of the trial court) weighed in favor of certification, but found this was not dispositive.[10]

(6) As to Rule 42(B)(iii)(G) (interlocutory review may terminate the litigation), the court agreed with Garcia Senior that interlocutory review could terminate the litigation as to him, but found that this factor weighed against certification because the litigation would nonetheless continue against Garcia Junior.[11] The court rejected Garcia Senior's contention that Rule 42(B)(iii)(H)

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

(considerations of justice) weighed in favor of certification, finding Garcia's claim that the court's interpretation of the forum provision would extend beyond controlling stockholders sued for breaching their fiduciary duties to all stockholders unpersuasive.[12] Finally, the court concluded that the benefits of interlocutory review did not outweigh the probable costs given that the litigation would continue against Garcia Junior regardless of the outcome of Garcia Senior's interlocutory appeal and additional delay was undesirable.[13]

(7)  Applications for interlocutory review are addressed to the sound discretion of the Court.[14]  In the exercise of our discretion and giving due weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).  We agree with the Court of Chancery that the Rule 42(B)(iii) criteria, other than Rule 42(B)(iii)(D), do not weigh in favor of interlocutory review and that the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

---

[12] *Id.*
[13] *Id.* at *4.
[14] Supr. Ct. R. 42(d)(v).

5

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice